Rebobt oe Committee.
Ih Assembly, Jcmuary 16th, 1826.
Mr. "Woodcock, from the committee on privileges and elections, to whom was referred the petition of Edward Suffern, contesting the seat of Abraham Gurnee, the sitting member from the county of Rockland, reported:
That they have had the same under consideration and that the following facts are proved: That, at the last anniversary election, held in the county of Rockland, for member of Assembly, the clerk of said county certified that three hundred and ninety-five votes were given for the petitioner for member of Assembly, and that three hundred and ninety-six votes were given for the said Abraham Gurnee, the sitting member. In addition to the three hundred and ninety-five votes given for the petitioner as aforesaid, the petitioner claims to have allowed a vote given for him in the town of Hemp-stead, which vote is annexed to the affidavit of Tunis Cooper, in which affidavit the said Tunis Cooper swears that he is the town clerk of the town of Hempstead, and was one of the inspectors of election of said town at the last election; that the vote was taken from the Assembly ballot box, and was not allowed and canvassed for the said petitioner; the same fact is also proved by the affidavit of Garret A. ITar-ing, who was one of the inspectors^ the election of said town of Hemp-stead, the same fact is also proved by the affidavit of Harman Goet-sehius, who was one of the clerks of the board of inspectors for said town. Erom these affidavits, a majority of the committee' are satisfied that the vote annexed to the affidavit of the said Tunis Cooper was a vote given in the town of Hempstead for the petitioner, and that it was not rejected by the inspectors of said town, on the ground of the ballots in the box exceeding in number the list of the same *60 kept by the clerks. A majority of the committee have canvassed' and allowed said vote to the petitioner. The petitioner further claims to be allowed a vote given in the said town of Hempstead, which through the mistake of the inspectors was put into the electoral ballot box having the name of the petitioner for member of Assembly thereon. This fact was satisfactoi-ily proved by the affidavit of the said Garret A. Haring and Harman Goetschius. This vote a majority of the committee have canvassed and allowed to the petitioner, which gives him a majority of one over the sitting member. The petitioner further claimed to have allowed a voté given in the town of Orange, and which -vote is annexed to the affidavit of Richard Blauvelt. This vote was unanimously rejected by the committee. The petitioner further claimed that a vote given in the town of Clarkstown for Abraham Gur or Gnrn was allowed to the sitting member, and that said vote ought to have been rejected. The committee were unanimously of opinion that this vote ought to be allowed. It further appeared that the inspectors of the towns of Clarkstown, Hempstead and Orange allowed votes which wei-e written Abram Gurnee, to the sitting member. The petitioner contended that these votes ought to have been rejected. They were allowed by the committee. The committee have thus briefly stated the facts in the case which will be fully shown by the documents accompanying this report. The allowance of the two votes for the petitioner, beyond the canvass of the town inspectors, is a question of fact and does not in the opinion of the committee violate any principle as laid down by them in the case of Mathias J. Bovee. A majority of the committee are therefore of opinion that the seat of the said Abraham Gui1-nee should be vacated and the petitioner admitted a member of this House, and have instructed their chairman to offer the following resolution-
Resolved, That Edward Suffern ought to take his seat as a member of the House of Assembly, duly elected in the county of Rock-Jand, in the place of Abraham Gurnee, the sitting member, and that the seat of the said Abraham Gurnee,*the sitting member, be vacated accordingly; thereupon,
Ordered, That the said report and resolution be committed to a committee of the whole house.
'Ordered, That the usual number of'copies of tile samé bé printed for the use of the Legislature.
Assembly Journal, 1826, pages 193, 194.
*61 REPORT CONSIDERED.
In Assembly, Jcmucvry 26th, 1826.
The House proceeded to the consideration of the amendment offered by Mr. Root to the report of the committee on privileges and elections on the petition of Edward Suffern for permission to take his seat as a member of this House in the place of Abraham Gurnee ; the said amendment being to strike out that part of the report granting the petitioner leave to withdraw his petition, and inserting instead thereof the words following, to wit:
Resolved, That Abraham Gurnee is not entitled to a seat in this House.
Resolved, That Edward Suffern is entitled to a seat in this House.
Debates were had upon, the first resolution proposed as an amendment by Mr. Root, and the question being put whether the House would agree thereto, it was determined in the affirmative.
Ayes, 58. Hays, 43.
Assembly Journal, 1826, page 367.
In Assembly,' January 2Rh, 1826.
Mr. Woods made a motion that the House should agree to reconsider their vote of yesterday on the resolution declaring that Abraham.Gurnee is not entitled to a seat in this House.
Debates were had upon the said motion of Mr. Woods, and the question being put whether the House would agree thereto,'it was determined in the negative.
Hays, 57. Ayes, 46.
Mr. Suffern awarded seat.
Thereupon, the House proceeded to the consideration of the second amendment offered by Mr. Root to amend the report of the committee on privileges and elections on the petition of Edward Suffern for permission to take his seat as a member of this House in the place of Abraham Gurnee, by striking out of the said report so much thereof as grants the petitioner leave to withdraw his petition, and inserting instead thereof the words following, to wit:
Resolved, That Edward Suffern is entitled to a seat in this House.
Debates were had thereon, and the question being put whether the House would agree to the said amendment offered by Mr. Root, and it was determined in the affirmative.
Thereupon, Mr. Suffern appeared in the Assembly Chamber.
*62 Ordered, That Mr. Thompson and Mi*. Foote be a committee to attend with Mr. Suffern before some proper officer and see him duly ' qualified.
Mr. Thompson reported, that pursuant to the order of the House, Mr. Foote and himself had attended with Mr. Suffern before Samuel A. Talcott, Esq., Attorney-General of this State, and seen him duly qualified; thereupon,
Ordered, That Mr. Suffern do take his seat.
Assembly Journal, 1826, pages 371, 372.